FILED

**NOT FOR PUBLICATION**

SEP 28 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CEDRIC R. ALLEN, | No. 13-17467 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00146-SAB |
| v. | |
| J. RIVERA, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Argued and Submitted September 16, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Following an incident on June 4, 2004, petitioner Cedric Allen filed a pro se

complaint under 42 U.S.C. § 1983 alleging excessive force and deliberate

indifference to serious medical needs in violation of the Eighth Amendment on the

part of various staff members of California State Prison-Corcoran.  The district

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court dismissed some claims and granted judgment as a matter of law to the defendant on another; a jury returned a verdict for the defendants on the remaining claims. Allen raises several issues on appeal.

1. The district court properly dismissed Allen's deliberate indifference claim against Dr. Felin for failure to state a claim. To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Allen's bare allegation that Felin removed his stitches early for the purpose of causing pain does not clear this plausibility threshold. Allen alleges no facts supporting the assertion that Felin was deliberately indifferent to the infliction of pain, nor does he explain how removal of his stitches earlier than another doctor recommended demonstrates deliberate indifference rather than medical disagreement or, at most, negligence. Similarly, the manner in which the stitches were removed may indicate negligence, but does not give rise to a plausible

inference of deliberate indifference to the infliction of pain.  Without more, the district court did not err in concluding that this allegation failed to state a claim.

2.  The district court properly granted judgment as a matter of law to Battles with respect to Allen's excessive force claim, although not for the reason it gave.[1] The district court granted judgment as a matter of law to Battles after incorrectly asserting that there had been no evidence whatsoever that Battles was involved in the incident.  We may, however, affirm on any ground supported by the record. *City Solutions Inc. v. Clear Channel Commc'ns, Inc.*, 365 F.3d 835, 842 (9th Cir. 2004).

Allen testified that his lip was bleeding and his nose was running prior to the application of the spit mask.  The defendants presented uncontradicted testimony that a spit mask is properly applied not only to prevent spitting but whenever there is a threat of transmission of bodily fluid.  Allen admitted that he had assaulted one of the officers.  Although Allen was otherwise incapacitated through restraints, the officers escorting him had reason to protect themselves from purposeful or

---

[1] Allen also claims on appeal that the district court erred in dismissing a claim against Battles for deliberate indifference to serious medical needs.  It is not clear from the record that Allen ever alleged a deliberate indifference claim against Battles.  In any case, because the facts underlying any such claim were the same as those underlying the excessive force claim, our discussion of the latter suffices to dispose of the former.

inadvertent transmission of bodily fluids.  Even though Allen had some difficulty breathing with the spit mask on, there is no evidence that the impact on his breathing affected his ability to function, caused him pain, or had any effect on his health once the mask was removed.  There was therefore not substantial evidence from which a jury could have concluded that Battles applied the spit mask "maliciously and sadistically for the very purpose of causing harm," as is required for an Eighth Amendment excessive force claim.  *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986) (citation and internal quotation marks omitted).

3.  Finally, Allen contends that the district court abused its discretion in admitting prejudicial evidence relating to the general character and disciplinary violations of other inmates of the prison's Security Housing Unit (SHU).  Allen argues that this evidence was unfairly prejudicial within the meaning of Federal Rule of Evidence 403 in that it invited the jury to impute to him violations committed by other inmates.[2]

"The decision to admit potentially prejudicial evidence under Rule 403 is 'committed to the sound discretion of the trial court.'"  *Boyd v. City & Cnty. of San*

---

[2] Allen also argues that the evidence constituted improper character evidence under Federal Rule of Evidence 404.  Because the evidence referred only to the character and past acts of other inmates, however, it is properly evaluated under Rule 403.

*Francisco*, 576 F.3d 938, 948 (9th Cir. 2009) (quoting *United States v. Blitz*, 151 F.3d 1002, 1008 (9th Cir. 1998)). Allen never objected to the evidence at trial, and his pretrial motion in limine sought to exclude only evidence relating to his own disciplinary record. Where a party fails to raise a specific objection to the evidence in question, "we review . . . only for plain error affecting substantial rights." *United States v. Campos*, 217 F.3d 707, 712 (9th Cir. 2000). Because the officers' perception of the threat posed by Allen as a SHU inmate was indisputably relevant to the question whether the force they employed was excessive, we cannot conclude that the district court's decision to admit this evidence was so severe an abuse of discretion as to constitute plain error. *See Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000) ("Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.").

**AFFIRMED.**